In Special Term, December 1854. GHOLSON, J. presiding.

### JAMES WILSON & CO. *vs.* M. BAILEY & SON.

A receipt containing an agreement, stipulation, or condition between the parties is in the nature of a contract.

Parties who appear on the face of a contract, to be the *only* parties bound, cannot introduce parol proof to show that they are not the parties bound, but that third persons are in reality the contracting parties.

It is admissible, to show that the act of the party signing the contract, is also the act of his principal, so as to render the latter *also* liable.

Where a defendant answers that he executed the contract, upon which he is sued, as a broker or agent, and after the testimony is before the Court, claims to amend his answer so as to show he executed the contract under a mistake of his legal responsibility thereon, the Court will not grant leave to amend unless the facts proved, show at least a reasonable probability that this can be established.

This is an action to recover the balance of an advance made on one hundred barrels of linseed oil, sold by plaintiffs as commission merchants, for and on account of the defendants. The plaintiffs have offered as evidence of their contract, in respect to the advance, and the sale, an instrument, of which the following is a copy:

"Received, Cincinnati, February 16th, 1854, of James Wilson & Co. Twenty six hundred and seventy-five, $\frac{05}{100}$ dollars, as an advance on one hundred barrels Linseed oil, in their store; for which advance we agree to pay them interest at the rate of six per cent per annum; a commission of two and a half per cent on sales; storage (5) cents per barrel per month, and Insurance (to be held no longer than sixty days).        M. BAILEY & SON."

The first defence set up by the defendants is, that they are not personally liable; that they acted as brokers for other parties; and that this was known to plaintiffs.— Upon this, the first enquiry is, whether the instrument recited above is a contract? And secondly, if it is, whether its effect can be changed, as proposed by the defendants?

GHOLSON, J.

As to the first question, it can scarcely be claimed that the writing does not constitute a contract. The distinction is well settled between a mere receipt, acknowledging money paid, and a receipt containing an agreement, condition, or stipulation, between the parties. The latter is in the nature of a contract. Niles *vs.* Culver, 8 *Barb.* 205. Goodyear *vs.* Ogden, 4 *Hill*, 104.

Upon the principle of these cases, the writing must be deemed a contract. But in truth, the present may be considered a much stronger case. The expression, "as an advance," would seem to be sufficient to create an obligation to return the money; or, that it should be returned, under the terms, or in the mode stipulated.

The instrument of writing being a contract, the next question is, whether the defendants can be permitted to show by parol proof, that they, though apparently the only parties bound, are not liable, but that third persons

whose names do not appear on the face of the instrument, were, in reality, the contracting parties? And this, I am satisfied, cannot be done. The law on this point, as collected from several recent authorities, appears to be plainly opposed to the introduction of parol proof for such a purpose.

Parol testimony is admissible for the purpose of introducing a new party, but not for that of discharging an apparent party to the contract; where it shows, not that those whom the contract purports to bind, are not bound, but that another is bound, by reason that the act of the agent in signing the agreement, is also the act of the principal. Evidence to show that the party apparently bound, as personally contracting, is not so bound, would be to contradict the written agreement. Kean *vs.* Davis, 1 *Spencer* 425–429; 2 *Smith Lead. Cases* 224; *Story on Agency* §270; Higgins *vs* Senior, 8 *M. & W.* 834; Magee *vs.* Atkinson, 2 *M. & W.* 440; Pentz *vs.* Stanton, 10 *Wend.* 271–276; Stackpole *vs.* Arnold, 11 *Mass.* 27.

" The true principle appears to be, that parol testimony is not admissible, for the purpose of exonerating an agent who has entered into a written contract, in which he appears as principal, even though he should propose to show, if allowed, that he mentioned his principal." 8 *Spencer* 429; 8 *Mees & Welsb.* 834; 33 *E. C. L.* 122.

" If an agent contracts in such a form, as to make himself personally responsible, he cannot afterwards, whether his principal were or were not known, at the time of the contract, relieve himself from that responsibility." *Denman C. J.* 6; *A. & E.* 486; 33 *E. C. L.* 122.

The chief difficulty which has occurred in this class of cases, has been one of construction; whether on the face

of the instrument, the party acts as a principal, or as an agent? That difficulty does not arise in this case; for the contract here clearly on its face binds the defendants.

In this view of the law, as the issue now stands between the parties, it is not necessary that I should endeavor to reconcile the contradictory evidence which has been given. It is claimed, however, by the counsel for the defendants, that they are entitled to such an amendment of their answer, as may enable them to show that the contract was executed under a mistake, or through some misapprehension as to their legal responsibility.

To make out such a defence would require very clear proof; and I should not be justified in permitting the amendment, unless satisfied from the facts proved in the case, that there was at least a reasonable probability of its being established. As to any material facts, showing a mistake in the execution of the contract, or that it was even signed under a misapprehension, there is, to say the least, no preponderance of testimony on the part of the defendants; much less, that clear and convincing showing, which I understand the rules of law in such a case to require. Nor, indeed, am I satisfied that the character of the mistake, under which the defendants, who signed the contract, acted, is of that kind to authorize the relief asked. In any view, I do not think a proper discretion requires of me to permit an amendment.

The issue in the case will be found for plaintiffs.

HAINES, TODD, & LYTLE for plaintiff.

CALDWELL & BURROWS for defendant.