## DANIEL F. EMERY *vs.* JOSEPH HOBSON.

*Check. Demand and notice.*

A check is an appropriation of so much of the maker's funds in the bank upon which it is drawn as is necessary to meet it; hence the maker cannot object to any delay in presenting it, unless he can show special injury to himself arising therefrom.

If the maker has withdrawn from the bank his entire deposit against which the check is drawn, he is not injured by any delay in presenting it, or any lack of formal notice of its non-payment, before action brought.

ON EXCEPTIONS.

ASSUMPSIT upon a count for money had and received under which the plaintiff offered the defendant's check for $6000, dated June 11, 1870, payable to F. O. L. Hobson and by him endorsed. It was not presented to the bank upon which it was drawn until the fourteenth day of July, 1871, and upon the sixth day of that month the defendant had wholly withdrawn his deposit. The plaintiff testified to sending a letter to Mr. Hobson on the fourteenth of July, 1871, stating the presentation of the check at the bank and that payment was refused. No notice to produce this letter had been given. The case was submitted to the presiding justice, who found for the plaintiff, and the defendant excepted to his ruling that the delay of presentment did not release the defendant, and to the admission of testimony to show the contents of the plaintiff's letter, and of testimony to show that the defendant desired the delay in the presentment of the check, and that it was intended for a loan.

*Edwin B. Smith,* for the defendant, contended *inter alia* that no evidence outside the check was admissible to vary its legal effect. *Kelley* v. *Brown,* 5 Gray, 108; *Bigelow* v. *Colton,* 13 Gray, 309; *Clapp* v. *Rice,* Id., 403; *Bank of Albion* v. *Smith,* 27 Barb., (N. Y.) 489; *Central Bank* v. *Davis,* 19 Pick., 373; *McDonald* v. *Bailey,* 14 Maine, 101; *Farmer* v. *Rand,* Id., 225, 284.

*William L. Putnam*, for the plaintiff.

RESCRIPT.

Hobson was bound to keep funds in the bank. He had none after July 6, 1871. Not having any funds, no presentment was essential, and he suffered no injury from the delay in presentment.

Therefore the testimony outside of the check, as to the purpose of the parties relative to it, was immaterial, even if it was improperly admitted. *Exceptions overruled.*