LOUIS AMANS v. O. H. CAMPBELL and Another.[1]

December 20, 1897.

Nos. 10,837—(186).

**Principal and Agent—Undisclosed Principal—Liability of Agent.**
Rule applied that a person acting as agent for another will be personally responsible if at the time of making the contract in his principal's behalf he fails to disclose the fact of his agency.

**Same—What Amounts to Disclosure—Evidence.**
A person named O. H. Campbell, in making a contract in relation to a business of which he had the exclusive and entire management and control, used the name of "Campbell & Co.," but without indicating in any way that he did so as agent for another person or firm doing business by that name. It did not appear that there was any other person, or firm composed of other persons, generally known in the community as doing business under that name. *Held*, that the mere use of the name "Campbell & Co." did not amount to a disclosure of his agency for his wife, Delia Campbell, doing business under the name of "Campbell & Co."

Action in the district court for St. Louis county against O. H. Campbell and the McCord Lumber Company to recover $152 for work and labor as cook and loader in and about the cutting and banking of certain logs belonging to the defendant lumber company, and to obtain a sale of the logs to satisfy plaintiff's lien thereon. The material facts are given in the opinion. The "Exhibit A" mentioned there was as follows: "I hereby agree to work for Campbell & Co. during the logging season of 1896 and 1897 at —— dollars per month cooking, on the following conditions: To be paid," (here follow the times of payment). It was signed by plaintiff.

After a trial the court ordered judgment for plaintiff. From an order denying a motion for a new trial, Cant, J., defendants appealed. Affirmed.

*Campbell & Stilson*, for appellants.

*J. C. Marshall*, for respondent.

[1] Reported in 73 N. W. 506.

MITCHELL, J.

This was an action to recover personal judgment against the defendant Campbell for services in a logging camp, and to have the amount adjudged a lien on the logs which belonged to the defendant lumber company; but the questions presented by this appeal relate exclusively to plaintiff's right of action against Campbell.

The undisputed evidence is that Campbell personally employed plaintiff; that neither at the time of making the contract nor during the times plaintiff was performing the services did he disclose any agency, unless it was by the use of the name of "Campbell & Co." in the written contract (Exhibit A) which he procured from plaintiff, and in the signature of time checks which he issued to the plaintiff and other laborers in the camp; that in using this name he in no way indicated that he was agent for some one else, or that he himself was not "Campbell & Co.," or the Campbell of "Campbell & Co.," unless such facts were indicated by the use of the name itself; that from start to finish he was the only person who appeared in connection with the business, and had to all appearances the exclusive management and control of it, precisely as if he himself had been the principal.

Neither at the time of making the contract nor while performing it had plaintiff any knowledge or notice of any agency, or that Campbell was not the principal, unless he was chargeable with such notice by the fact that Campbell used the name "Campbell & Co." in the contract (Exhibit A) and in signing time checks to the workmen. While one of the members of the lumber company testified that he knew that "Campbell & Co." meant Delia Campbell, the wife of the defendant Campbell, and that he thought people generally throughout the community knew that fact, yet there is not a single fact in evidence tending to support that opinion. It had been testified to that the "firm" of "Campbell & Co.," consisting of Delia Campbell alone, had existed for about three years, but there was no evidence that she had ever conducted any business under that name, unless it was the logging operations during the winter of 1896–97 at the camp at which the plaintiff was employed; and it appears that even in that business she never appeared or took any part in person.

The defense interposed in this action was that "Campbell & Co." was Delia Campbell, and that the defendant Campbell was merely her agent. There is much in the evidence tending to show that defendant himself was in fact "Campbell & Co." But, assuming that in fact he was merely agent for his wife, the case was, upon the evidence, one for the application of the rule that a person acting as agent for another will be personally responsible if, at the time of making the contract in his principal's behalf, he fails to disclose the fact of his agency; that by reason of such failure he becomes subject to all the liabilities, express or implied, created by the contract, in the same manner as if he were the principal in interest. 1 Am. & Eng. Enc. (2d Ed.) 1122, and cases cited.

The case is one not merely of an undisclosed principal, but of an undisclosed agency. The fact that defendant used the name "Campbell & Co.," but without indicating in any way that he did so as agent, and not as his own business name, did not, under the circumstances, amount to a disclosure of an agency. There was nothing in this to indicate that he was not "Campbell & Co." or the Campbell of "Campbell & Co." The name might probably suggest that there were others associated with him as partners, but we think that would be all. If there had been a firm consisting of members other than defendant doing business under that name, generally known as such in the community, a different case would be presented. In such case knowledge of the fact of defendant's agency might be chargeable to the plaintiff.

None of the cases cited by defendant's counsel seem to us to be in point. In Preston v. Foellinger, 24 Fed. 680, so much relied on by counsel, the plaintiff contracted with the actual party in interest in person, and not with the party whom he sought to hold liable.

The view we have taken of the case renders it unnecessary to consider any of the other assignments of error, as none of the points raised by them have any bearing upon the ground upon which we have concluded that the case should be decided.

Order affirmed.