J. O. FRITZ, Appellee, v. J. M. KENNEDY, Appellant.

**Sale of Personal Property:** UNDISCLOSED PRINCIPAL: LIABILITY OF AGENT: EVIDENCE: INSTRUCTION. It is the duty of an agent
1 who would avoid personal liability for the purchase of property to disclose his agency, and not of the purchaser to discover it. Evidence considered and held sufficient to warrant the jury in finding the agent personally liable under the above rule.

**Presentment of Check for Payment:** DELAY IN: INSTRUCTION.
2 Failure to promptly present for payment a personal bank check which, when presented is dishonored for want of funds, will not, in the absence of a plea or proof that loss occurred by such delay, operate to discharge the debt for which it was given; and a failure of the court to instruct the jury that unless they found the check was presented for payment within a reasonable time there could be no recovery, was not error.

*Appeal from Adair District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, FEBRUARY 12, 1903.

ACTION to recover the value of a horse alleged to have been sold the defendant. Verdict and judgment for plain-tiff, and defendant appeals.—*Affirmed.*

*J. G. Culver* and *Homer Gaines* for appellant.

*Frank B. Wilson* for appellee.

WEAVER, J.—The controversy in this case is upon the question whether the defendant, Kennedy, is liable as the purchaser of plaintiff's horse, or is to be considered simply as the agent of one Arnheim in the transaction. There was evidence tending to show that Kennedy was, to some extent, a dealer in horses; that, about ten days before the sale, plaintiff met Kennedy, and told him that he had a horse which he wished to dispose of; that Kennedy prom-ised to go out to plaintiff's farm and look at the animal; that thereafter the parties again met, and discussed the price of the horse, the plaintiff finally demanding $90 for it, and Kennedy offering $87.50; that a few days later Kennedy furnished one Swisher with a check signed by himself in blank, and sent him to plaintiff's farm, with in-structions to buy the horse for less than $90, if possible, but to pay that sum if necessary and to fill out and deliver the check accordingly; that arriving at the farm the plain-tiff not being at home Swisher sought him out at a neigh-bor's and informed him that if he would deliver the horse in town in time to be shipped on the afternoon train of that day, Kennedy would pay him $90 for it; that plaintiff then went home, and took the horse to Kennedy's place, in town, where he met Swisher, who directed him to take the animal to the railroad station; that Swisher went with plaintiff to the station where they met Kennedy who in company with Swisher took the horse and "winded" him, and one of them tied him in the stock yards for shipment; that Kennedy then told plaintiff to go to Arnheim and get a check for his money; that plaintiff had no previous

knowledge of or dealings with Arnheim, and did not under-
stand that he was selling Arnheim the horse, and received
the check because Kennedy told him to do so, and upon
Kennedy's assurance that, if Arnheim did not pay, he
would do it himself; that the check was drawn upon a
bank in another county and was received late in the after-
noon of Friday; that on Monday plaintiff deposited the
check in a local bank, which immediately put it in the
usual course of collection through its correspondents; and
that, on being presented to the drawer, payment was re-
fused for want of funds.    Many of these statements are
denied by Kennedy, who alleges that in so far as he took
any part in the purchase he was acting for Arnheim and
not for himself, and that when plaintiff brought the horse
to town he told him Arnheim was the purchaser.

I.    It will thus be seen that if the jury believed the
testimony offered by plaintiff, the defendant could right-
fully be held as the purchaser of the horse, for, even

1. UNDISCLOSED though acting for Arnheim, yet, if he failed
principal: lia-
bility of agent: to disclose such agency to plaintiff, he assumed
evidence: in-
struction.    all the liability of a purchaser.    Mechem on
Agency, 554-558; Story on Agency, 269; Ewell's Evan's
Agency, 409; *Nixon v. Downey*, 49 Iowa, 166; *Hall v.
Crandall*, 29 Cal. 567 (89 Am. Dec. 64); *Johnson v. Smith*,
21 Conn. 627; *Wheeler v. Reed*, 36 Ill. 82; *McComb v.
Wright*, 4 Johns. Ch. 659.    It is the duty of an agent who
would avoid personal liability to disclose his agency, and
not of the party dealing with him to discover it.    *Baldwin
v. Leonard*, 39 Vt. 260 (94 Am. Dec. 324).    "It is not suffi-
cient that the seller may have the means of ascertaining
the name of the principal.    If so, the neglect to inquire
might be deemed sufficient.    He must have actual knowl-
edge.    There is no hardship in the rule of liability against
agents.    They always have it in their power to relieve
themselves, and, when they do not, it must be presumed
that they intend to be liable."    *Cobb v. Knapp*, 71 N. Y.

348 (27 Am. Rep. 51).  The finding of the jury has ample support in the evidence.  In all the prior negotiations, up to the hour of the delivery of the horse at the railroad station, Arnheim's name or interest in the matter was never mentioned to plaintiff.  Kennedy had drawn his personal check for the price on the morning of the day of delivery.  Swisher informed plaintiff that he was sent by Kennedy for the horse, and plaintiff, on reaching town, took the horse to Kennedy.  All this is without dispute, and, if the jury saw fit to further believe plaintiff's testimony that nothing was said to him at the time of delivery as to Arnheim's being the real purchaser, they were justified in treating Kennedy as such, and the verdict to that effect should not be set aside.

In this connection may be noticed the exception to an instruction given by the court concerning the effect of plaintiff's belief that he was making the sale to defendant. It is true, of course, that a contract of sale, like other contracts in general, requires a "meeting of the minds" of the parties, and the mere belief or supposition of one party that a sale is made is not sufficient.  In this case, however, it must not be forgotten that defendant seeks to avoid liability by the claim that in making the purchase he was acting as the agent of Arnheim.  Assuming that to be correct, it remains equally correct that if he did not disclose his agency, and left plaintiff to believe he was acting for himself, then he is personally liable, as a purchaser, for the agreed price.  This, we think, is the tenor of the instruction complained of, and there was no error in giving it.

II.   It is next urged that the check received by plaintiff was not presented for payment in due time, and that the court erred in not so charging the jury.  It must be remembered that the plaintiff's claim is based on the allegation that he sold the horse to defendant, and not to Arnheim, and that he received Arnheim's check simply as

conditional payment of the purchase price; and this, undei the issues and instructions of the court, the jury found to be true.    The defendant's answer is a simple denial. There is no plea that plaintiff, by any delay in presenting the check for payment, has worked any loss or injury tc the defendant, nor any claim that an earlier presentation would have resulted in its payment.  It should also be remembered that the action is not brought upon the check, nor is it sought to charge defendant as a drawer or indorsei of such instrument.    The action, as we have seen, is against the defendant as the purchaser for the contract price.    To that charge we have simply a denial,—no plea of payment, or counterclaim for damages for failure to present the check in due time.    Upon the only issue pre- sented, the jury has found for the plaintiff; and, upon such finding, we see no reason why he is not entitled to recover.

It is said, however, the court should have directed the jury that, unless they found the check was presented for payment within a reasonable time, there could be no re covery.    We think there was no error in this respect.    It appears, without dispute, that the check was received late in the afternoon of Friday, and that plaintiff, who lives in the country, brought the check to town on Monday, and put it in course of collection,—the bank on which it was drawn being in another county,—and that, on being presented, payment was refused for want of funds.    Failure to promptly pre- sent a bill of exchange for payment works a discharge of the indorser, without reference to the resulting damage or prejudice, but this rule does not hold good with refer- ence to ordinary bank checks.    If a man buys property and pays for it by a bank check, some prejudice must be shown, before a mere delay in presenting it for payment will operate to discharge the debt.    *Stewart v. Smith*, 17 Ohio St. 83; *Bradford v. Fox*, 38 N. Y. 289; *Burkhalter v. Bank*, 42 N. Y. 538; Parson's Bills & ·Notes, 72-74:

2. PRESENT-
MENT of check
for payment:
delay in in-
struction.

*Henshaw v. Root*, 60 Ind. 220. . If the bank upon which the check was drawn had closed its doors during the alleged delay, with a balance applicable to the payment of such check due the drawer, then there would be a presumption of prejudice to him; but if the check is dishonored for want of funds, and there is no pretense that an earlier demand would have been honored, or where the drawer has himself withdrawn the deposit against which the check was made, then there is no such presumption. Men cannot buy property and pay for it in legal presumptions of that kind. *Bell v. Alexander*, 21 Grat. 1; *Shaffer v. Maddox*, 9 Neb. 205 (2 N. W. Rep. 464); *Pack v. Thomas* 51 Am. Dec. 138; *Emery v. Hob on*, 63 Me. 32; *True v. Thomas*, 16 Me. 36; Daniel on Neg. Inst. section 1589; *Fletcher v. Pierson*, 69 Ind. 281 (35 Am. Rep. 214). Plaintiff having shown that he did present the check, and that there were no funds on deposit to meet it, we think he made a *prima facie* case, entitling him to recover, in the absence of a plea or proof that any loss or damage had been occasioned by want of an earlier presentation.

III.   Appellant further complains of the ruling of the trial court in sustaining an objection to an offer of the original petition and amendment in evidence.   As the matter contained in these pleadings is substantially repeated in the pleadings upon which the case was finally tried, we think the ruling, even if erroneous, was without prejudice.

The judgment of the district court is AFFIRMED.