## GIVNER v UNITED STATES HOFFMAN MACHINERY CORP

Ohio Appeals, 9th Dist, Lorain Co

No 712.   Decided Jan 11, 1935

Levin & Levin, Lorain, for plaintiff in error.

George S. Salzman, Jr., Cleveland, and Stevens & Stevens, Elyria, for defendant in error.

432

## OPINION

By FUNK, J.

Defendant relies on two claimed errors for a reversal of said judgment and decree:

First, that the court erred in rejecting evidence offered by defendant to show that his wife, Becky Givner, was the owner of the business known as "Givner's Dry Cleaning," and that he was acting only as agent for her when he purchased the machine and signed said contract.

Defendant sought to prove that his wife was the contracting party and was responsible as such, although she was not named in the contract as the contracting party, and the manner in which the defendant signed the contract did not show on its face that he signed the contract for her.

The undisputed evidence shows that the conditional sale contract in question was signed "Givner's Dry Cleaning, By J. Givner," and that nothing was said at the time as to who owned the business known as "Givner's Dry Cleaning;" it being admitted that defendant bought the machine, so signed the contract, and made the cash payment of $10 at the time the contract was signed without disclosing who the person or persons doing business under that phrase designation were.

Defendant contends that when he signed said contract as above stated and used the word "by" before his name, he thereby not only showed that he was acting only as agent, but that he also disclosed his principal, viz., "Givner's Dry Cleaning," and that, accordingly, he is not liable to plaintiff for any amount that may be due it on said contract.

We cannot agree with this contention. It is apparent that "Givner's Dry Cleaning" is only in the nature of a fictitious or trade name; in fact, it might be more correctly designated as only a phrase by which a business of dry cleaning was known to the public, without regard to the ownership thereof. It is not claimed that "Givner's Dry Cleaning" is either a partnership or a corporation; consequently, said phrase has in fact no legal entity.

Although the using of the word "by" in front of one's name, when signing the name of another person, natural or artificial, is generally recognized as a proper method of showing agency and disclosing the principal, so as to impose no liability on such agent, the fact that defendant signed "Givner's Dry Cleaning, By J. Givner," without indicating in any way that he did so as agent and not as his own business name, did not amount to a disclosure of an agency or the identity of a principal. So far as the words "Givner's Dry Cleaning" are concerned, the business could have been owned by either Joseph or Becky Givner, or both, or someone else.

There was nothing in said signature to indicate that defendant was not "Givner's Dry Cleaning." It is self-evident that "Givner's Dry Cleaning" is not an individual and that it is only a fictitious name, or trade name or phrase, under which some person or persons were doing business. It is also obvious that the name or phrase could not sign itself, but would have to be signed by someone; so the fact that defendant used the word "by" before his name did not necessarily mean that he was not the party contracting, under the admitted facts and circumstances of this case.

Amans v Campbell, 70 Minn. 493, 73 NW 506, 68 Am. St. Rep. 547.

The rule was early recognized, and is well settled, that an agent, acting for an undisclosed principal, is personally liable to the seller for the default of his principal, and that he is not relieved from such personal liability by stating that he is acting for another, unless he also reveals the name of his principal, or in some way fixes the identity of his principal so that the seller may know the real party with whom he is dealing.

In other words, the mere fact that one is known to be acting as an agent for an undisclosed principal, is not sufficient to relieve him from liability as a principal, but to relieve himself upon that ground he must not only make known his agency but must also make known his principal and deal for him, in his name and as his agent.

Wheeler v Miller & Towle, 2 Handy 149.

Soutter & Co. v Stoeckle, 6 O. Dec. (Rep.) 1054, 10 Am. L. Rec. 23, 6 Bull. 182.

Wilson v Bailey, 12 O. Dec. (Rep.) 88, 1 Handy 177.

Sullivan v Frank, 13 N.P. (N.S.) 505, at p. 507.·

Anderton et v Shoup, 17 Oh St 126.

Amans v Campbell, supra.

2 C. J., "Agency," §§491 and 494, pp. 816 and 820.

21 R.C.L., "Principal and Agent," §69, p. 895.

Hence, as the signature disclosed no principal and did not mean any more than if J. Givner had signed only his own name, it was defendant's duty to disclose who the owner of "Givner's Dry Cleaning" was, if he did not want to be personally bound by the contract, and this is peculiarly true in the instant case, since he is claiming that his wife was the real contracting party, and since the first word in "Givner's Dry Cleaning" is his surname as well as her's.

Accordingly, defendant having assumed to act for someone described as "Givner's Dry Cleaning," without any further disclosure than the using of such name in the contract and signing the same in such name by himself, he failed to name his principal or to disclose the identity of his principal, and the fact that his surname is the first word of such fictitious or trade name or phrase, justified, the plaintiff in assuming, in the absence of any disclosure to the contrary, that defendant was the real contracting party.

It would thus seem that the instant case is not only a case of undisclosed principal but also of undisclosed agency, as was the situation in Amans v Campbell, supra.

Plaintiff thus having the right to elect to pursue the defendant as principal, it was immaterial whether J. Givner or someone else was doing business as "Givner's Dry Cleaning," and testimony that he was not the real contracting party was not competent, the circumstances being such as to estop him from showing that he was not the contracting party.

It was therefore not error prejudicial to defendant to refuse to permit him to show that Becky Givner was the owner of said business.

Second, counsel for defendant contend that the court erred in admitting the depositions offered by plaintiff without permitting them to be read in open court, it being contended that defendant was thereby denied the opportunity of entering formal objection to questions to which he might desire to object.

While it may have been technical error for the court to refuse to have said depositions read in open court, it will be noted that the case was tried to the court and not to a jury; and although the rule is the same with reference to reading a deposition to a court as it is to a jury, the refusal to permit it to be so read to a court is not so likely to be prejudicial.

Moreover, in the instant case, it will be noted that the only witness whose deposition was admitted in evidence without being read in open court, was plaintiff's office manager, who had charge of the books and accounts of plaintiff, and his evidence was only on the subject of the amount due on the contract, which was not controverted in any way; the sole defense being that defendant acted as an agent in signing said contract and was not the owner of "Givner's Dry Cleaning" business and that he was for that reason not liable to plaintiff.

It is thus apparent that the evidence shown by the deposition could not· have been prejudicial, since the amount unpaid was not disputed.

Finding no prejudicial error, the judgment is affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.