**RESNICK**

v.

**ABNER B. COHEN ADVERTISING, Inc.**

No. 1461.

Municipal Court of Appeals for the
District of Columbia.

Argued March 8, 1954.

Decided April 13, 1954.

Everett M. Raffel, Washington, D. C., for appellant.

James H. Heller, Washington, D. C. for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This action was brought against David E. Resnick for an amount due on a con-

tract signed by him as president of American Communication Co. Resnick filed an answer in which he in effect admitted that "American Communication Co." was not the official name of a corporation, but stated that he was only an employee of Royal Appliance Co., Inc., which was trading as American Communication Co. Plaintiff moved for summary judgment, and the trial court granted the motion on the theory that since defendant had signed the contract as president of a nonexistent company, or on behalf of an undisclosed principal, he was personally liable on the contract. Defendant appeals, contending that summary judgment should not have been granted because his answer raised questions of fact.

■ In this jurisdiction an agent who enters into a contract without disclosing his principal is held personally liable on it,[1] and he does not escape liability by purporting to act for a fictitious or nonexistent principal.[2] On the other hand, when his principal is fully disclosed, the agent ordinarily does not incur personal liability.[3] Hence the liability of appellant in the present case depends upon whether a principal existed, and if so, upon the extent to which such principal was disclosed. In determining this issue on appeal from a summary judgment, we are to be guided only by the pleadings and the contract. If they raise a material question of fact, or if they fail to establish appellant's liability as a matter of law, the summary judgment cannot stand.

■ We first note that the answer states that a corporation is trading under the name which appears in the contract. At a trial on the merits this allegation may or may not be substantiated by proof; but at present it stands uncontradicted and must be accepted as fact. It is well established that a corporation may in the absence of fraud enter into binding contracts under an assumed or trade name.[4] If, as defendant's answer indicates, he contracted for an existing corporation, using its trade name, it cannot be said that he was representing a nonexistent or fictitious principal.

■ Likewise it cannot be held that the pleadings establish that the principal was undisclosed. In Restatement, Agency § 4 (1933), it is said that a principal is disclosed if "at the time of a transaction conducted by the agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity * *." The contract in this case appears on its face to be an ordinary contract of a corporation executed by appellant as an officer thereof. (It is signed thus:

> David E. Resnick, Pres.
> Authorized Signature
> American Communication Co.)

From such signature and from the allegations of the pleadings, there is no basis for saying that appellee was led to believe that Resnick was acting for himself and not for a principal.

The next question is whether there was a sufficient disclosure of the principal's identity. We have found no case in which this precise issue was presented and determined on the pleadings. Among the cases dealing with the problem there is some conflict.[5] But in all of them it appears that the issues

---

1. Magruder v. Belt, 12 App.D.C. 151, certiorari denied, 169 U.S. 737, 18 S.Ct. 944, 42 L.Ed. 1216; Mayer v. Buchanan, D.C.Mun.App., 50 A.2d 595.

2. See Downs v. Bankhead, 44 App.D.C. 101.

3. International Trading Corporation v. Edison, 71 App.D.C. 210, 109 F.2d 825, certiorari denied, 310 U.S. 652, 60 S.Ct. 1099, 84 L.Ed. 1417; Ezersky v. Survis, D.C.Mun.App., 43 A.2d 294.

4. See Sorivi v. Baldi, D.C.Mun.App., 48 A. 2d 462; Note, 56 A.L.R. 450, and cases collected therein.

5. Saco Dairy Co. v. Norton, 140 Me. 204, 35 A.2d 857, 150 A.L.R. 1299; Amans v. Campbell, 70 Minn. 493, 73 N.W. 506; Cobb v. Knapp, 71 N.Y. 348, 27 Am.Rep. 51; Nelson v. Andrews, 19 Misc. 623, 44 N.Y.S. 384; Givner v. United States Hoffman Machinery Corp., 49 Ohio App. 410, 197 N.E. 354; contra, Rabinowitz

were developed at trial. In the Amans, Givner, and Saco Dairy cases, the trade name used was as consistent with personal ownership of the business as with agency for another, and the evidence revealed no further disclosure by the agent; so that, under the circumstances, there was no disclosure either of the agency relationship or of the principal's identity. But as we have already pointed out the evidence may develop that the contract in this case afforded sufficient notice of the existence of an agency relationship.

■ From the cases we have cited, the law seems to be that the mere use of a trade name in a contract signed by an agent is not sufficient to show as a matter of law that the principal was disclosed. But it does not follow that solely because a trade name was used, the principal was as a matter of law undisclosed. It has been recognized that contracts *may* be executed in a trade name under such circumstances as to disclose the identity of the principal.[6] We think that such a possibility exists here. Therefore, appellant should have the opportunity to prove the extent of appellee's knowledge of

the principal's identity.[7] It cannot be said that the pleadings exclude the possibility of such knowledge. There is nothing to show the extent of the dealings between the parties, the familiarity of appellee with the business operated as American Communication Co., or whether the name was used in good faith to describe the principal. It must be determined whether the identity of the principal was shown either by the use of its trade name or in some other manner. These are issues of fact which cannot be decided on motion for summary judgment.

Appellant assigns as error the refusal of the trial court to permit him to file an amended answer and counterclaim. He also says there was error in denying a motion for leave to intervene by Royal Appliance Co. We need not pass on these claims of error. We assume that with the remanding of the case for trial on the merits the trial court will exercise its discretion so as to permit such amendments by either party as will fairly develop the issues, and will also entertain any proper motion for intervention.

Reversed.

v. Zell, Sup., 191 N.Y.S. 720. See also Golden's Foundry & Machine Co. v. Wight, 35 Ga.App. 85, 132 S.E. 138; Beilin v. Krenn & Dato, 350 Ill. 284, 183 N.E. 330; Note, 150 A.L.R. 1303.

6. Saco Dairy Co. v. Norton, supra; Amans v. Campbell, supra.

7. Evidence that appellee knew that Royal Appliance Co. used the trade name of American Communication Co. may be received without violating the parol evidence rule. Beilin v. Krenn & Dato, supra, Note 5.