**PACIFIC INDEMNITY COMPANY, Assignee of Stanley M. Hotle and Nellie M. Hotle, Appellant,**

v.

**Richard RATHJE, d/b/a Rathje Construction Company, Appellee,**

v.

**UNITED BUILDING CENTERS—ANDERSON, INC., Formerly J. F. Anderson Lumber Company, Defendant to Cross-Petition-Appellee.**

**No. 54513.**

Supreme Court of Iowa.

June 17, 1971.

Lynch, Dallas, Smith & Harman, by Gerald Lyell Fatka, Cedar Rapids, for appellant and for defendant to cross-petition-appellee.

James W. Crawford and Gene V. Kellenberger, Cedar Rapids, for appellee.

RAWLINGS, Justice.

Action at law by plaintiff-assignee of property owner for damages resulting from excavation of an adjoining tract. Trial to the court resulted in judgment adverse to plaintiff and it appeals. We affirm.

Stanley M. and Nellie M. Hotle [Hotles] own and occupy commercially improved land in Marion. United Building Centers —Anderson, Inc., successor to J. F. Anderson Lumber Company [Anderson] owns the adjoining property.

Richard Rathje, d/b/a Rathje Construction Company [Rathje], was engaged by Anderson to perform excavation work preparatory to construction of a building on its land. That project was undertaken and performed by Rathje sometime in November or December 1964. The excavation went straight down the visible foundation and four feet below footings of Hotles' building. No bracing or shoring was provided by Rathje or Hotles.

Cracks which later appeared in the Hotle structure were repaired by R. H. Cooper, a building contractor.

Apparently Anderson paid Hotles for the damage to their building; plaintiff, Pacific Indemnity Company [Pacific], insurance carrier for Anderson, then reimbursed its insured; Hotles assigned their cause of action to Pacific; it commenced the instant action against Rathje; he in turn filed cross-petition against third party defendant Anderson.

Plaintiff-assignee's petition asserts defendant Rathje was negligent in excavating and this was a proximate cause of resulting damage to the Hotle structure.

By his cross-petition Rathje asks indemnity from Anderson in event the former be held liable to Pacific.

Defendant offered no evidence. Trial court found plaintiff, (1) failed to establish the boundary line between the Hotle-Anderson properties with any reasonable degree of certainty, or that defendant had excavated on land owned by the former; (2) failed to prove by competent evidence the damage, if any, to Hotles' property resulted from anything other than weight of the building located thereon. Judgment was accordingly entered for defendant.

Five errors here asserted by plaintiff are, in essence, material findings of fact by trial court are without support in the record, and the absolute liability for removal of natural support rule was erroneously employed in denying recovery to plaintiff.

I. As we have previously stated:

"In a law action tried to the court as here, our review is not de novo but only on errors assigned. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Rule 344(f) (1), R.C.P. Stated in other words, in a law action tried to the court its findings of fact having adequate evidentiary support shall not be set aside unless induced by an erroneous view of law. It follows the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision. Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 840, 118 N.W.2d 565, 567; France v. Benter, 256 Iowa 534, 536, 128 N.W.2d 268, 270. We may

also interfere when such findings are undisputed or no conflicting inferences may be drawn from them." Beneficial Finance Company of Waterloo v. Lamos, 179 N.W.2d 573, 578 (Iowa).

II. Our consideration of issues presented requires a prefatory statement of those basic principles of law instantly involved.

With regard to excavating of land adjacent to that in its natural condition, 1 Am. Jur.2d, Adjoining Landowners, § 43, provides, to the extent here material:

"A landowner has the right to excavate on his own land. He may excavate his land up to the boundary line and use the soil as he chooses, provided he refurnishes by artificial means the support thus removed. It is well settled that the owner of land is entitled to have it supported and protected in its natural condition by the land of his adjoining proprietor, and one who excavates or improves the adjoining land is under a correlative duty so to use his land that his adjacent neighbor's soil will not crumble or cave in of its own weight."

And 1 Am.Jur.2d, Adjoining Landowners, § 44, says in part:

"The liability of an adjoining owner for the removal of lateral support from his neighbor's land in its natural state is not dependent upon the lack of skill or care he exercised in making the excavation, but is absolute. An adjoining landowner who by making an excavation takes away the lateral support of his neighbor's ground so as to cause it of its own weight to fall, slide, or break away, is liable for the injury regardless of how carefully he excavated."

Then regarding excavation of land contiguous to an improved tract, 1 Am.Jur.2d, Adjoining Landowners, § 48, states:

"The fact that buildings or other structures are on adjoining land does not prevent a landowner from exercising his right to excavate his own land. Thus, an owner cannot, by building a house

near the margin of his land, prevent his neighbor from excavating his own soil, even though it may endanger the house. A person, in building a house contiguous and adjoining to the house of another, may lawfully sink the foundation of his house below the foundation of his neighbor without liability for any consequential damage, provided he has used due care and diligence to prevent any injury to the house of the other. An excavator has the duty to exercise due care in making and maintaining the excavation so as not to injure the structures on the adjoining land through negligence. If he does injure them through negligence, he may be held liable in damages."

Accord, Covell v. Sioux City, 224 Iowa 1060, 1062–1065, 277 N.W. 447; Starrett v. Baudler, 181 Iowa 965, 969–971, 165 N.W. 216; Jamison v. Myrtle Lodge, 158 Iowa 264, 267, 139 N.W. 547; Mullan v. Hacker, 187 Md. 261, 49 A.2d 640, 642–643; Law v. Phillips, 136 W.Va. 761, 68 S.E.2d 452, 457–458. See 4 Restatement, Torts, §§ 817, 819; 2 C.J.S. Adjoining Landowners §§ 4–12, 14–18; 1 Am.Jur.2d, Adjoining Landowners, §§ 45–46, 49; Annots. 59 A. L.R. 1252, 50 A.L.R. 499; cf. 2 Restatement, Second, Torts, § 422A; Annots. 87 A.L.R.2d 710, 36 A.L.R.2d 1253, 33 A.L.R. 2d 111.

III. In view of the fact there was located on Hotles' land a structure with foundation and footings adjacent or in close proximity to the Anderson boundary line, the question presented is whether plaintiff established by the requisite quantum of proof defendant's alleged negligence in excavating was a proximate cause of damage, if any, resulting to Hotles' building.

By its petition plaintiff asserts defendant was negligent in that he, (a) failed to properly brace and shore up the lateral support of Hotles' real estate while excavating; (b) failed to ascertain the boundaries of the property being excavated; (c) excavated over the lot line onto Hotles' property; (d) excavated straight down the footings of the building owned by Hotles, thereby removing the lateral support.

■ IV. This court has repeatedly stated, negligence is conduct which creates an undue risk of harm to others. Adams v. Deur, 173 N.W.2d 100, 113 (Iowa). See Restatement, Second, Torts, §§ 283–284; 2 C.J.S. Adjoining Landowers § 12; 1 Am. Jur.2d, Adjoining Landowners, §§ 50, 67.

And actionable negligence must be a proximate cause of any injury or damage done. Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa); see 1 Am.Jur.2d, Adjoining Landowners, § 56.

It is also understood the burden was upon plaintiff to prove its case by a preponderance of the evidence. Rule 344(f) (5), Ia.R.Civ.P.; Bartels v. Cair-Dem, Incorporated, 255 Iowa 834, 837, 124 N.W.2d 514.

■ V. As heretofore disclosed, plaintiff's first allegation of negligence is to the effect defendant failed to properly brace and shore up the lateral support of Hotles' real estate while the excavating was being done. Trial court found:

"A. The testimony was uncontradicted that no dirt from the Hotle property fell at the time of excavating or while the excavation remained open. Therefore, no damage to the soil has been established. Plaintiff's witness, Mr. Richard Cooper, a general contractor, testified that the cracks in the wall were caused by the weight of the wall of the Hotle building pressing down on the dirt and from lack of shoring of the excavation. Therefore, the weight of the building appeared to be the cause of the damage. Defendant was not required to provide lateral support for the building. In Vol. 2, C.J.S., Adjoining Landowners 12, Sec. 11, quoted in *Covell* on page 448 (N.W.) the author said:

" 'In the absence of statute, contract otherwise providing or of negligence, an owner excavating on his land adjoining property encumbered by structures which

increase the lateral pressure is not liable for damages for removal of the lateral support.'

"The Court in *Covell* further stated:

" '(3) The right of natural support applies only to lands in their natural condition, and does not extend so as to give the owner of a building erected on his land the right to have support for this increased burden resulting in increased lateral pressure. One landowner cannot, by altering the natural condition of his land, deprive the adjoining proprietor of the privilege of using his own land as he might have done before; and, consequently, he cannot, by building a house near the margin of his land, prevent his neighbor from excavating his own soil, even though it may endanger the house. Citing authority.'

"There was no evidence of any provision in a deed or on a separate contract whereby United Builders [Anderson] would be required to provide lateral support to the Hotle building. There was no contention that Hotles conveyed the excavated land to the United Builders [Anderson] whereby there might be an implied covenant of lateral support for an existing building."

The record supports this finding. See Starrett v. Baulder, 181 Iowa 965, 970–971, 165 N.W. 216; 2 C.J.S. Adjoining Landowners §§ 14–15; 1 Am.Jur.2d, Adjoining Landowners, § 52.

Moreover, Hotle testified he was aware of the work being done by Rathje, so notice to him relative thereto was obviated. Jamison v. Myrtle Lodge, 158 Iowa 264, 272–273, 139 N.W. 547; 2 C.J.S. Adjoining Landowners § 13; 1 Am.Jur.2d, Adjoining Landowners, § 51.

■ VI. We come now to the claim defendant failed to ascertain the boundary lines. For reasons set forth *infra* that contention lacks substance.

In the first place, plaintiff presented no plat, record or expert evidence relative to the boundary line between the Hotle and Anderson properties. The only showing made in this regard was conjectural at best. Even more significantly Mr. Hotle testified, to the best of his knowledge Rathje did not excavate on the Hotle land. Trial court found insufficient proof of negligence was established in support of this second allegation of negligence. That finding is sustained by the record.

VII. By the same token plaintiff must be held to have established no actionable negligence by defendant in excavating over the lot line and onto Hotles' property. The record supports trial court in so holding.

■ VIII. Plaintiff last asserts defendant was negligent in excavating straight down the Hotle structure footings, thereby removing lateral support.

Unquestionably Rathje did so excavate. On the other hand Mr. Cooper, general contractor, testified to the effect weight of the Hotle building wall pushed the dirt down and cracks appeared because of failure to support the wall. Actually no witness, other than Cooper, expressed any opinion as to the asserted cause of damage to the Hotle structure. On this issue Cooper's testimony alone does not suffice. He was not present while the excavating was in progress and did not see the soil condition during that time. His conclusion was at best speculative, and supported by no other competent and persuasive evidence relative to causation. Trial court found absence of proof sufficient to sustain this final allegation of negligence, and on the record made there is no alternative for us but to agree. See Covell v. Sioux City, 224 Iowa 1060, 1066–1067, 277 N.W. 447.

IX. We are persuaded and now hold, trial court's findings of fact have adequate evidentiary support, and despite plaintiff's protestations to the contrary, the judgment entered did not result from application of an erroneous rule of law.

Affirmed.

All Justices concur.