STRYKER FARMS EXCHANGE COMPANY, INC., Appellant,

v.

MYTCZYNSKYJ, Appellee.

[Cite as *Stryker Farms Exchange v. Mytczynskyj* (1998), 129 Ohio App.3d 338.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No., WM–97–027.

Decided Aug. 14, 1998.

*Rhonda L. Fisher,* for appellant.

*J.T. Stelzer,* for appellee.

---

SHERCK, Judge.

This appeal comes to us from a summary judgment granted by the Williams County Court of Common Pleas in favor of a retired farmer who was being sued by a farm supply store for goods sold to the retired farmer's son. Because the retired farmer was not liable on this account, we affirm.

In April 1986, appellee, John Mytczynskyj, a Williams County farmer, established a revolving account for supplies with appellant, Stryker Farmers Exchange Company, Inc. Sometime later, appellee injured himself and decided to retire from farming. To accomplish this, he decided to lease his farming operation to his son, Andrew Mytczynskyj. On June 1, 1987, appellee and Andrew entered into the written lease agreement, and shortly thereafter appellee paid his revolving account with appellant in full. Appellant was instructed to change the name on the account from "John Mytczynskyj" to "Mytczynskyj Farms." It is undisputed that from this point forward all payments on the account were made by check imprinted with the name "Mytczynskyj Farms—Andrew Mytczynskyj" and signed by Andrew Mytczynskyj.

In time, Andrew Mytczynskyj fell behind on his account payments. In 1996, appellant brought suit against Andrew Mytczynskyj and Mytczynskyj Farms on the overdue account. The complaint was later amended to add appellee as a defendant. While the case was pending, Andrew Mytczynskyj filed for bankruptcy. Ultimately, his debt to appellant, as well as his debt to appellee for unpaid

rent, was discharged. The case against appellee continued and was eventually submitted to the court on cross-motions for summary judgment. When the court ruled in favor of appellee, appellant brought this appeal setting forth the following four assignments of error:

"1. The Trial Court abused its discretion in allowing the Defendant/Appellee, John Mytczynskyj, to answer the Amended Complaint outside of the rule date pursuant to Civ.R. 12(A)(1) and Civ.R. 6(B).

"2. The Trial Court erred when it denied Stryker Farmers Exchange's Motion for Default Judgment without a hearing or journalized entry.

"3. The Trial Court erred as a matter of law when it failed to apply principal/agency law to determine whether Defendant/Appellee should be held personally liable on the debt to Stryker Farmers Exchange.

"4. The Trial Court abused its discretion in granting summary judgment in favor of Defendant/Appellee because there is a genuine issue of material fact regarding whether John Mytczynskyj should be held personally liable on the debt to Stryker Farmers Exchange."

## I

■ Appellant's first two assignments of error concern the trial court's denial of appellant's motion for a default judgment.

Appellant added appellee John Mytczynskyj to this suit as a named defendant in a November 12, 1996 amended complaint; appellee did not answer the complaint until February 18, 1997, four days after appellant moved for a default judgment against him. The trial court never set appellant's default motion for hearing and had not ruled upon it by the time the matter was disposed of by summary judgment. Appellant now complains that the trial court's failure to set a hearing or grant its motion was an abuse of discretion.

■ Errors which can be corrected or avoided in the trial court are waived when not timely brought to the court's attention. *In re Bibb* (1980), 70 Ohio App.2d 117, 118, 24 O.O.3d 159, 160, 435 N.E.2d 96, 87–98; *Williams v. Jerry L. Kaltenbach Ent., Inc.* (1981), 2 Ohio App.3d 113, 115, 2 OBR 126, 128, 440 N.E.2d 1219, 1221–1222.

The record reflects that, save for the filing of the initial motion, appellant participated in the proceedings without further reference to the motion for default judgment. The matters raised in appellant's first two assignments of error could have been quickly addressed by the trial court if raised there. Appellant failed to direct the court's attention to such purported errors and may

not now complain that the trial court failed to address them. Accordingly, appellant's first and second assignments of error are not well taken.

## II

Appellant's remaining assignments of error concern the trial court's award of summary judgment to appellee.

■ On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. The motion may be granted only when it is demonstrated "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 67, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; Civ.R. 56(C).

■ When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 322–323, 463 N.E.2d 1246, 1249–1250.

It is undisputed that appellee was not a principal of, nor indeed had any interest in, Mytczynskyj Farms. Nevertheless, appellant suggests that because appellee occasionally acted as an agent of Mytczynskyj Farms, he should be held personally liable on the account. Appellee's agency was demonstrated, appellant asserts, by his continuing to live in a home situated on the land he leased to his son, by his occasional phone-in orders for supplies, and by, on occasion, signing delivery receipts when appellant brought goods to the farm.

■ Appellee correctly points out that even if these facts establish that appellee was an agent for Mytczynskyj Farms, an agent may be held personally liable for the debt of his principal only if the principal is undisclosed, *Davis v. Harness* (1882), 38 Ohio St. 397, paragraph one of the syllabus, partially disclosed, *Givner v. United States Hoffman Machinery Corp.* (1935), 49 Ohio App. 410, 413, 3 O.O. 282, 284, 197 N.E. 354, 356, or is fictitious or nonexistent,

*Seasongood & Mayer v. Riddle* (1923), 18 Ohio App. 88, 90. An agent for a disclosed principal, acting within the scope of his authority and in the name of the principal, may not ordinarily be held personally liable. *Dobell v. Koch* (1921), 16 Ohio App. 41, 43.

Regarding the specific facts of this case, we note that appellee remaining in his home on the land he leased to his son is of no legal significance. Furthermore, in his deposition testimony, appellant's manager conceded that appellee's signature on the delivery receipt constituted nothing more than an acknowledgment of delivery. The principal name on the receipt, on the account, and on the orders appellee submitted by telephone was Mytczynskyj Farms; this had been the case for a decade. Consequently, on those rare occasions that appellee did act for his son, it was in the name of his son's business entity which was clearly disclosed to appellant. Appellant had ten years' prior notice that the entity with which it was doing business was not the same entity with which it initially contracted. That appellant continued to do business with the farm without inquiring as to the exact relationship between appellee and the named principal was an exercise it undertook at its own peril. This omission may not now form the basis of liability where none previously existed.

Therefore, there is no genuine issue of material fact and appellee is entitled to judgment as a matter of law. Accordingly, appellant's third and fourth assignments of error are not well taken.

On consideration whereof, the judgment of the Williams County Court of Common Pleas is affirmed. Costs to appellant.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.