## MAGRUDER *v.* BELT.

PRACTICE; TRIAL; CONTRACTS; PRINCIPAL AND AGENT.

1. Where a judgment on a verdict against one of two defendants is reversed on appeal, the codefendant is not dismissed from the case, but a verdict may be rendered against both defendants on a second trial.
2. In a suit on a written contract the defendant can not escape liability thereunder, although the word "agent" is written after his name, where there is no plea of agency and it does not appear that he acted as agent, and it is shown that in a subsequent modification of the contract the word "agent" is not affixed to his signature.
3. And in such a suit by a sole plaintiff, the fact that the words "& Co." appear in the contract after his name will not prevent his recovery, where it is shown that he alone was interested and was the party intended and such words were added by mistake.

No. 706. Submitted December 17, 1897. Decided January 5, 1898.

HEARING on an appeal by the defendants from a judgment on verdict in an action on a contract. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. J. J. Waters* for the appellants.

*Mr. Franklin H. Mackey* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is the second appeal from a judgment for the plaintiff in this case. On the first, taken by Ellenore A. H. Magruder, from a judgment against her alone, the same was reversed and the case remanded for a new trial. One of the grounds of reversal was that the verdict was against the wife alone without finding as to her husband and codefendant in the joint action. *Magruder* v. *Belt,* 7 App. D. C. 303.

The contract sued upon was executed under seal March 27, 1890, by "Geo. C. W. Magruder, agent," and "E. A. H. Magruder." In consideration of one dollar they agreed to

give J. S. Belt the exclusive right to sell a certain tract of land for $2,500 per acre, for cash in part and on credit. The concluding words were as follows: "We hereby agree to pay the said J. S. Belt & Co. commission of five per cent. upon gross receipts of sale, and his exclusive right to sell the above described property to remain in force for the period of ten days from date hereof." A modification of said contract was made on March 31, 1890, in matters not affecting this controversy. This was written immediately under the signatures to the original, and was signed and sealed by the same parties. The word "agent" does not appear attached to the signature of Geo. C. W. Magruder thereto. It may be added, too, that the word "owners" appears opposite the signatures to the first part of the contract.

The original suit was by J. S. Belt alone, and in the opinion reversing the judgment therein, it was suggested that if the appendage "& Co." to J. S. Belt's name was a mistake or a mere *descriptio personæ*, the ambiguity should be corrected by amendment; but if it meant that others were partners or interested with him, then they should be made plaintiffs also. 7 App. D. C. 313.

Upon the return of the case, plaintiff amended his declaration, and alleged that the plaintiff's name was written J. S. Belt & Co. in one part of the agreement, but "refers to and designates the plaintiff only."

A number of motions were made by the defendants in the case, and all the former pleas were renewed. In addition George C. W. Magruder claimed exemption from further prosecution on the ground that he had been "dropped out of the case" on the former trial. The court overruled all the demurrers and special exceptions, and the case proceeded to trial.

Plaintiff proved the sale of the land, as alleged, for $75,000, the payment of the purchase money, and execution of the deed. The defendants did not appear in person at the trial in contradiction of the plaintiff.

After careful consideration of the thirteen errors assigned by the appellants, we find nothing in the record that would justify a reversal of the judgment.

George C. W. Magruder, though left out of the first verdict, was not dismissed from the case. There was no judgment for or against him. No new process was required to compel him to answer the amended declaration. When the judgment against his codefendant was reversed and the verdict set aside, the case stood for trial as before.

Nor was there error in permitting the introduction of the contract in evidence, and the entry of judgment against George C. W. Magruder upon the verdict. There is nothing in the record to show or to suggest that George C. W. Magruder acted as agent for anyone in executing the original contract, other than the word agent written after his name. Four days after the execution of the contract there was added the modification of its terms which he signed with his seal, omitting the word "agent." There was no plea that he executed the first as agent for any person, or explaining the second execution.

The last assignment that needs to be considered is on an exception taken to the charge of the court wherein the jury were told that, in order to recover at all, the plaintiff must show that he was the party that made the contract, and that the words "& Co." were inserted as a description of the plaintiff or by mistake.

The plaintiff testified that he had no partner at the time of the contract; but had about six months before been doing business as "J. S. Belt & Co."; that he was the party intended by those words; that he "did not know how the '& Co.' got in there unless it was by a mistake in copying one of his old printed forms which had the words 'J. S. Belt & Co.'" No objection was made to this evidence. It was also proved that the original contract was written by George C. W. Magruder.

Writing it after a printed form of plaintiff would probably

account, also, for the word "agent" after his signature as well as the word "owners" opposite both signatures on the other side.

The exception to the charge was general, and there is no distinct specification of the ground in the assignment of error. On the argument, it is urged that the amended declaration contained no allegation of mistake in writing the words J. S. Belt & Co., instead of J. S. Belt, in the body of the contract. The evidence, as we have seen, showed that J. S. Belt alone was interested in the contract, and that he alone was meant, notwithstanding the "& Co." added to his name. It was also proved, without objection, that this was so written by mistake, for which the witness undertook to account in a plausible manner. Had this objection been made to both the evidence and the charge, the error, if it be such, might not have been committed. If, however, the objections had been timely and well taken, the judgment would not be reversed.

It appeared plainly that J. S. Belt alone was the party contracted with and that J. S. Belt & Co. included no other person. The sale was made within the time and upon defendant's terms. The money was paid by the purchaser and title made promptly. The agreed commission was five per cent. of the gross amount. There was no denial of these facts. Every dollar claimed by the defendants in set-off was admitted and deducted. No other verdict could have been rendered.

The judgment must be affirmed, with costs; and it is so ordered.

*Affirmed.*