## WATWOOD v. CREDIT BUREAU, Inc., et al.

### No. 859.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 5, 1949.

Decided Oct. 28, 1949.

Maurice A. Guervitz, Washington D. C., for appellant.

Bernard I. Nordlinger, Washington, D. C., with whom Milton W. King, Wallace Luchs, Jr. and Ellis B. Miller, Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant filed an action against Credit Bureau Reports, Inc., and an individual described as general manager and secretary, alleging that defendants had published a report concerning appellant the contents of which were "vile, malicious, inaccurate, and untrue," and seeking injunctive relief and "any and all other relief" to which she was entitled. Defendants moved to dismiss and appellant obtained leave to amend. An amended complaint was filed, similar in form to the original complaint except that in addition to the injunctive relief damages in the sum of $3,000 were asked. Defendants moved to dismiss the amended complaint and appellant took a voluntary nonsuit.

The following month appellant filed a new action, naming as defendants Credit Bureau, Inc., and Credit Bureau Reports, Inc. The complaint alleged that the defendants "furnished certain written reports and information" to a named individual "in which the defendants made false and libelous statements as to the financial situation of the plaintiff, as to her marital status and other libelous information which was untrue and false." Injunctive relief was asked (1) restraining defendants from issuing any further false and untrue statements against plaintiff, (2) compelling defendants to destroy all records in their possession concerning plaintiff, and (3) restraining defendants from giving any information of any nature concerning plaintiff. No special damages were alleged

though it was asserted that appellant had suffered "irreparable damage" and would continue to suffer such damage unless defendants were restrained from issuing "said information." In addition to the injunctive relief the complaint asked judgment for $3,000.

Defendants filed a motion to dismiss the complaint and this appeal is from an order granting that motion.

 Dismissal of the complaint was plainly correct. The weight of authority is that a complaint for. libel should set forth the alleged defamatory matter verbatim although some authorities hold that it is sufficient to state the substance and effect of the defamatory words. 53 C.J.S., Libel and Slander, § 164; 33 Am.Jur., Libel and Slander, § 237. Here neither the language nor its substance was set forth. The allegation that defendants made "libelous statements" is a bare legal conclusion with nothing in the complaint to support the conclusion. Appellant argues that her complaint is sufficient under the trial court's Rule No. 8, based on Federal Rules of Civil Procedure, rule 8, 28 U.S. C.A., which requires that a complaint "shall contain a short and plain statement of the claim showing that the pleader is entitled to judgment thereon." Appellant's statement is short but it is not plain. It does not show appellant is entitled to relief. We do not understand that even the most liberalized system of pleading permits a statement of a claim by a legal conclusion.

The demands for money damages and injunctive relief both rested on the claim of a libelous publication, and there being no allegation of fact to sustain such claim the complaint was properly dismissed. We do not reach the question raised by appellees of the jurisdiction of the court to restrain the publication of a libel.

 Appellant also argues that it was error for the trial court to dismiss her complaint without giving leave to amend. The trial court's Rule 15 provides that leave to amend shall be freely given when justice so requires. Appellant had three opportunities to state her claim and it is doubtful if justice requires that she be given a fourth opportunity, but we do not have to decide that question. Appellant made no request in the trial court for leave to amend and it cannot be said that the trial court was in error in not granting that which was not asked.

 In oral argument appellant says she did not move for leave to amend because the time for taking an appeal from the order of dismissal would have expired before such motion could have been acted upon. However, by Rule 27(d) of this Court a motion to modify the order to include leave to file an amended complaint would have stayed the running of time for taking an appeal until disposition of such motion.

Affirmed.