### WATWOOD v. CREDIT BUREAU, Inc., et al.
### No. 859.

Municipal Court of Appeals for the District of Columbia.

Dec. 12, 1949.

Susie V. Watwood, pro se.

Bernard I. Nordlinger, Washington, D. C., with whom Milton W. King, Wallace Luchs, Jr., and Ellis B. Miller, Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

In our previous opinion in this case [1] we held that appellant's complaint for libel did not state a cause of action, and we therefore affirmed the trial court's dismissal of such complaint. One of the errors assigned was the trial court's failure to grant her leave to amend. That issue was not decided by this court; we merely pointed out that no request for leave to amend had been made in the trial court.

Appellant filed a motion for reconsideration, and we allowed oral argument thereon with particular reference to whether the trial court should have granted leave to amend the complaint and what steps toward that end were actually taken below.

As indicated above, our previous opinion was predicated in part upon the fact that no request for leave to amend had been made below. This was correct according to the record on appeal which was presented for our consideration. Now it develops that what actually happened in the trial court was somewhat different. As authorized under our rule 32, we have sent for and inspected the original record and docket entries in the trial court. These disclose that amid considerable procedural confusion, such a motion for leave to amend was in fact made below before the case was brought to this court on appeal.

The record discloses the following: The order below dismissing appellant's complaint "with prejudice" was entered June 25, 1949.[2] On June 28, appellant through her then counsel filed a motion for rehearing and reconsideration, and in that motion it was urged that she had a good and valid cause of action and desired to amend her complaint to state with more particularity her cause of action and the damages sustained by her. Counsel for appellee was duly served with a copy of this motion, and on July 1 the parties were notified that the motion would be heard on July 7.

Before the date of argument, however, appellant's counsel filed a notice of appeal to this court. This was on July 5, the date on which the time for filing notice of appeal expired under our rule 27(a) (that is to say, ten days from June 25, when the order of dismissal was entered). On July 7, the day set for hearing of the motion for reconsideration and for leave to amend, such motion was withdrawn "without prejudice" by appellant's counsel with the approval of the court. There now seems to be no question that this action was taken by counsel under the erroneous belief that the time for taking an

1. Watwood v. Credit Bureau, Inc., D.C. Mun.App., 68 A.2d 905.

2. We do not know the purpose of adding the words "with prejudice" to the ruling of the court. Ordinarily those words have a bearing on the question of res judicata in connection with future suits. In any event we assume the words had no bearing on the right to amend.

appeal would have expired before motion for leave to amend would have been acted upon.[3] To the contrary, under our rule 27(d), the time specified for noting an appeal does not begin to run until disposition has been made of a seasonably filed motion for a new trial or one to vacate or to modify an order, finding or judgment.

Appellant has since dismissed her counsel and, appearing before us in proper person, has argued again that she has a good cause of action which she can state if given an opportunity to amend. Ordinarily such a motion would be too late. Nevertheless, in the procedural confusion which attended the filing of the application for leave to amend, or at any rate the withdrawal thereof, it would seem that appellant lost, or is in danger of losing, a valuable substantive right: the right to amend her complaint.

Under these unusual circumstances we think that we should remand the case to the Municipal Court for further proceedings in connection with the application for leave to amend.

We are not in a position to order that the trial court permit the complaint to be amended because, for the reasons stated above, that court has not passed upon such a request. Under the broad scope of the trial court's rule 53(b), which is patterned after rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., that court may grant relief from any judgment, order, or proceeding taken against a party through his mistake, inadvertence, surprise or excusable neglect.[4] Naturally, we do not intimate that the trial court must grant leave to amend. We say only that application for relief from the withdrawal of the request for leave to amend shall be considered on its merits by that court. What happens thereafter will have to abide the event. And, as we indicated in a previous case of a similar nature,[5] appellant will be in a better position to argue her right to amend in the trial court if she tenders to that court a properly amended complaint, setting out her claim in detail, in order that that court may determine whether she has succeeded in stating a claim upon which relief can be granted.

Remanded with instructions.

3. Such was the reason advanced in the original oral argument before us for her failure to move for leave to amend and was cited by us as such in the opinion. As indicated above, neither party then suggested that such a motion had in fact been made, nor was it shown by the record on appeal.

4. We reviewed the effect of that rule in Quick v. Paregol, D.C.Mun.App., 68 A. 2d 211, petition for review denied by United States Court of Appeals for the District of Columbia Circuit November 23, 1949.

5. Evans v. Schlein, D.C.Mun.App., 61 A.2d 32.