Cornelius W. McAULIFFE, Olive B. McAuliffe, Appellants,

v.

C AND K BUILDERS, Inc., a Body Corporate, William Cohen, Charles Cohen, Appellees.

No. 2127.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 27, 1958.

Decided June 12, 1958.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellants.

Louis H. Cohen, Washington, D. C., with whom Samuel Gordon, Washington, D. C., was on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Plaintiffs filed suit against C and K Builders, Inc., and the individual defendants for damages arising out of a contract for the purchase of a house. Predicating their claim on breach of contract and misrepresentation, plaintiffs allege that they were induced to enter the contract in reliance on representations made by agents of the corporate defendant that the purchase price included an air-conditioning unit in good working order and the cost of certain plastering work. Plaintiffs claim that a sum of $150 was expended to complete the plastering of basement walls and testimony was offered to show that the air-conditioning unit was defective. Additional evidence established that the purchase price of a house with air conditioning was $900 more than similar homes in the same development without such units.

The complaint further alleges that C and K Builders was organized by the individual defendants, who are corporate officers and major stockholders, for the purpose of avoiding personal liability. The allegations state that this corporation was but one of many formed and dissolved by these defendants with the intent to defraud creditors and other contracting parties in real estate transactions. Plaintiffs therefore sought to pierce the corporate veil and impose liability on these two stockholders.

After the evidence was in, the trial court directed a verdict in favor of the individual defendants and submitted the case to the jury as to the liability of the corporate defendant. A jury verdict was returned against the corporation and plaintiffs brought this appeal assigning principally as error the court's refusal to submit to the jury the issue of the individual defendants' liability.

As a general rule the corporate entity and the natural persons who compose the corporation will be looked upon as separate and distinct until sufficient reason to the contrary appears.[1] In Burrows Motor Co. v. Davis, D.C.Mun.App., 76 A. 2d 163, 165, this court stated:

"Before a corporate entity can be disregarded and the acts and obligations of a corporation can legally be recognized as those of particular persons, or vice versa, it must appear that the corporation is not only controlled by those persons, but also that the separateness of the persons and the corporation has ceased and the facts must be such that an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice."

Thus, before the acts and obligations of a corporation can be legally recognized as those of a particular person, the party seeking to disregard the corporate entity has the burden of showing by *affirmative proof* that a unity of ownership and interest exists and that the corporation was created or used for the purpose of perpetrating fraud or wrong: Fraudulent activity will not be presumed, nor may it be based merely on suspicion, conjecture, or doubtful inference.

Viewing plaintiffs' evidence in the most favorable light, we cannot say that a sufficient foundation in evidentiary fact was made to warrant a probe of the corporate structure. Plaintiffs' only evidence on this important issue is found in the answers to interrogatories taken of the individual defendants. They endeavor to pierce the corporate veil largely on the basis of answers in these interrogatories which disclose: (1) that the defendant corporation is insolvent and without assets; and (2) that the individual defendants over a period of ten years have been officers and majority stockholders in from nine to eleven corporations engaged in the business of real estate or building construction and that they presently own fifty-eight per cent of the stock in C and K Builders.

As to the first, no attempt was made to show when insolvency occurred. The interrogatories were taken three years after plaintiffs dealt with the corporate defendant. That the corporation was insolvent in 1956 in no way establishes insolvency in 1953 when the parties entered into a contractual relationship. Moreover, no inquiry was made by plaintiffs as to the financial records of C and K Builders and there is a total absence of any evidence showing an unlawful disposition of the corporate assets. No creditors were shown to have been defrauded; the present action was in fact the only suit instituted against the defendant corporation.

As to the second point, evidence that the individual defendants maintained interests in other corporations is insufficient, standing alone, to establish that these were organized and dissolved for the purpose of perpetrating fraud. Ten of the eleven corporations are still in existence and defendants have continued their associations with most of them. No probe was made as to the reasons for the dissolution of the one corporation and the record is barren of proof that the individual defendants employed any of these corporations as instruments of fraud or deception.

1. Callas v. Independent Taxi Owners' Ass'n, 62 App.D.C. 212, 66 F.2d 192, certiorari denied 290 U.S. 669, 54 S.Ct. 89, 78 L.Ed. 578; 1 Fletcher, Cyclopedia of Corporations, § 41 (Rev.Perm.Ed. 1931).

The evidence as a whole fails to show that there was a cessation of the separateness of persons and corporation. Plaintiffs have proved to the satisfaction of the trial judge and the jury breach of contract and misrepresentation attributable to the corporate defendant, but they have not shown by affirmative proof that these wrongs were so interrelated with the individual defendants and a fraudulent corporate purpose as to impose personal liability on the stockholders.

Since we hold that the trial court was correct in granting a directed verdict as to the individual defendants, and as plaintiffs sought in this appeal only a remand of the case to determine the liability of the individual defendants, we do not reach plaintiffs' second assignment of error which relates to the admission of certain evidence bearing on damages.

One other point deserves mention, however. In an addendum to the statement of proceedings and evidence, the trial court noted that the statement was lacking in thoroughness and detail. The court concludes that it was approved only because counsel for both sides agreed to the statement as written. We agree that it is not as thorough as it should have been and point out that the duty of preparing an accurate and complete record for appellate review is principally on an appellant. Under our rule 25 the statement must be submitted to the trial court for approval, and if it does not accurately reflect the proceedings the trial court should reject the statement and assist in preparing an accurate one. See Barrett v. Adkins Furniture Co., D.C.Mun.App., 43 A.2d 44.

Affirmed.