**J. E. HENDERSON, Appellant,**

v.

**James O. PHILLIPS (also known as Otto Phillips) t/a Design for Modern Living and Metropolitan Designed for Living, Inc., a corporation, Appellees.**

**No. 3337.**

District of Columbia Court of Appeals.

Argued Nov. 4, 1963.

Decided Dec. 2, 1963.

Rose M. Mattingley, Washington, D. C., for appellant.

Walter E. Gillcrist, Washington, D. C., with whom Edward L. Carey, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

The sole question upon appeal is whether appellee Phillips, president of Metropolitan Designed for Living, Inc., was personally liable under two contracts for plumbing services rendered by appellant.

Metropolitan Designed for Living, Inc., was a corporation engaged in the construction of new houses. Phillips was president of the company. Henderson was engaged in the plumbing business. Phillips telephoned Henderson requesting an estimate on the cost of doing some plumbing work on a particular house, identifying himself as president of the construction firm. Henderson admitted he might have so identified himself. After inspecting the house under construction, Henderson prepared two written contracts addressed to "Design for Modern Living"[1] and mailed them to the corporation. Each was accepted under the signature of "James O. Phillips" and remailed to Henderson in an envelope bearing in the upper left corner the name "Designed for Living, Inc., 2814 Pennsylvania Avenue, N. W., Washington 7, D. C.," within the outline of a picture of a house. Thereafter, payment on account was made by checks mailed in a similar envelope. Printed on the first check in the upper left-hand corner was "Metropolitan Designed for Living, Inc.," showing the Pennsylvania Avenue address. It was signed by two persons, one of whom was Phillips, under the printed name of the corporation, with no indication as to the capacity of either signor. A second check, similarly drawn, was not paid upon presentment. Henderson then sued both the corporation and Phillips.

Phillips and Henderson had had one previous business dealing when Henderson completed plumbing work on another house built by the same corporation. On that occasion, three similar checks, drawn on the corporate account and signed by the same two persons, without identification of their official authority to co-sign the checks, were received in payment.

Upon this evidence, the trial judge, sitting without a jury, found that Phillips was not individually liable for the balance due under the contracts with Henderson.

 In this jurisdiction, when an agent enters into a contract without disclosing both the identity of his principal as well

---

1. The correct name of the corporation is "Metropolitan Designed for Living, Inc."

as the fact of his agency relationship, he becomes personally liable on the contract. Magruder v. Belt, 12 App.D.C. 151, cert. den. 169 U.S. 737, 18 S.Ct. 944, 42 L.Ed. 1216; Mayer v. Buchanan, D.C.Mun.App., 50 A.2d 595, 597. On the other hand, when his principal is disclosed and words are absent from the contract expressly binding him, the agent ordinarily does not incur personal liability. The law is well settled that when an agent acts in good faith on behalf of a disclosed principal, he is not held responsible in the event of his principal's default. Resnick v. Abner B. Cohen Advertising, D.C.Mun.App., 104 A.2d 254; Ezersky v. Survis, D.C.Mun.App., 43 A.2d 294, 295, citing Moses v. Boss, 63 App.D.C. 381, 72 F.2d 1005. A principal is disclosed if "at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity * *" Restatement (Second), Agency § 4 (1958).[2]

The prior dealing between appellant and Phillips was sufficient to impute notice of the agency relationship of Phillips. The checks in payment for the work performed by Henderson were definitely revealing as to the corporate identity of the builder. The present contracts were again negotiated through Phillips who identified himself as president of the corporation. It is true that he "accepted" the written contracts without indicating his agency capacity, but he did the same when co-signing the corporation checks in payment for both jobs by Henderson. Henderson recognized that he was dealing with a corporate entity when he addressed his contracts to "Design for Modern Living." It is also significant that Henderson never testified that he

thought he was dealing only with Phillips and intended to rely upon him for payment and not upon the corporate builder. Neither contract contained any words expressly binding Phillips personally or indicating any intent by him to be responsible for payment in the event the corporation defaulted.

The identity of the principal being known and the agency of Phillips being established at the time of the transaction, upon default of the disclosed principal, personal liability could not be imposed upon its agent.

The decision of the trial judge was substantiated by competent evidence, and we find no error requiring reversal.

Affirmed.

2. United States Shipping Board Merchant Fleet Corporation v. Harwood, 281 U.S. 519, 50 S.Ct. 372, 74 L.Ed. 1011, upon which appellant relies, is distinguishable. Although that case states that "[O]ne acting as a private agent may be bound, notwithstanding his known agency, upon contracts which he executes in his own name," the case does not stand for the proposition that the mere signature of an agent is, of itself, sufficient to bind him

personally where the principal is disclosed. The contracts involved in that case contained language binding the agent and no words purporting to bind the principal. The contracts in our case involved no express words of stipulations purporting to bind the agent, and his signature thereon indicated only that the contracts were accepted by him for the disclosed corporate principal.