RIDGEWELLS CATERER,
INC., Plaintiff,

v.

Lana NELSON, Defendant.

Civ. A. No. 84–3631.

United States District Court,
District of Columbia.

June 28, 1988.

James P. Sullivan, Rockville, Md., for plaintiff.

Diana M. Savit, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHN GARRETT PENN, District Judge.

This matter comes before the Court on the plaintiff's motion for summary judgment[1] and defendant's motion for partial summary judgment. After careful consideration of the motions, the oppositions, and the record in the case, the Court concludes that both motions must be granted.

The dispositive elements of the case are discussed briefly. Defendant Lana Nelson was president, treasurer, director and sole shareholder of Sunshine International, Ltd., ("Sunshine"), a District of Columbia corporation which was engaged in special events and meeting coordination planning. In December 1983, Sunshine entered into a contract with Joseph E. Seagram, U.S.A., ("Seagrams") to plan a reception and dinner which was held at the Corcoran Gallery of Art in Washington, D.C. on June 11, 1984. Seagrams paid Sunshine $46,234.99 for expenses connected with the dinner. In the course of staging the event, Sunshine employees contracted with plaintiff Ridgewells Caterers Inc., ("Ridgewells"), a Maryland corporation, to provide food, equipment and services amounting to $25,360.34 for the dinner and reception. Ridgewells presented Sunshine with several bills for its services, however the amount remains unpaid. It is undisputed that Sunshine owes $25,360.34 to plaintiff.

Defendant Nelson met with several Ridgewells employees on November 28, 1984 in order to discuss the outstanding bill. At the meeting, Nelson related that two Sunshine employees, Rita Landis and Mary Newell, had been discharged for stealing from Sunshine and that Sunshine was no longer financially capable of meeting its obligation to Ridgewells. Nelson offered to settle the debt for approximately $12,000, however Ridgewells did not respond to the offer and the meeting was thereafter terminated. Ridgewells subsequently initiated this action against the defendant in her individual capacity, claiming breach of contract, fraud, and conversion. Defendant Nelson counterclaimed, alleging that Ridgewells both slandered her by disseminating derogatory information about her financial status among the Washington catering community and that it subjected her to the intentional infliction of emotional distress at the November meeting. Ridgewells has moved for partial summary judgment on the defamation and intentional infliction of emotional distress counterclaims. Nelson has moved for partial summary judgment on the contract claim asserted against her as an individual. For the reasons set forth below, both motions will be granted.

### I.

The gravamen of the plaintiff's complaint is that Nelson never informed Ridgewells that Sunshine was a corporate entity

1. Although plaintiffs' motion is styled as a motion for summary judgment, the Court will treat it as one for partial summary judgment, since the motion is not dispositive of all claims pending before the Court.

and therefore Ridgewells conducted the transaction in question under the assumption that it was dealing with Nelson in her individual capacity. It also asserts in its answers to defendant's interrogatories that Ridgewells is entitled to recover from Nelson individually because it alleges that Sunshine was under capitalized and Nelson has conducted the corporation in such a way as to avoid the corporation's legal obligations.

The Court's jurisdiction has been invoked under 28 U.S.C. § 1332. The governing substantive law is that of the District of Columbia. *Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Anchorage–Hynning & Co. v. Moringiello*, 697 F.2d 356, 360 (D.C.Cir.1983).

█ It is a general principle of corporation law that the officers and employees of a corporate entity are its agents. 2 Fletcher Cyc. Corp. § 434 (1982). Under the law of the District of Columbia, an agent is not personally liable on a contract it executes on behalf of a principal so long as it identifies the principal and discloses the agency relationship. *Rittenberg v. Donohoe Construction Co. Inc.*, 426 A.2d 338, 341 (D.C. 1981); *Resnick v. Abner B. Cohen Advertising, Inc.* 104 A.2d 254, 255 (D.C.Mun. App.1954). The requirement of disclosure is satisfied if, at the time of the transaction, the other party had notice that the agent is acting for a principal and of the principal's identity. *Penick v. Frank E. Basil, Inc. of Delaware*, 579 F.Supp. 160, 164–65 (D.D.C.) *aff'd* 744 F.2d 878 (D.C.Cir. 1984); *Henderson v. Phillips*, 195 A.2d 400, 402 (D.C.1963).

█ In this regard, the record demonstrates that the invoices and work sheets containing the material terms of the contract between Ridgewells and Sunshine indicate that on the occasion at issue, Ridgewells dealt exclusively with two Sunshine employees, Rita Landis and Holly Van Fleet, while planning the Seagram event. The billing information section on the invoices lists "Sunshine International" and its office address. *See*, Invoices, attached

to Complaint, filed November 30, 1984. The invoices were acknowledged by Rita Landis and the resulting bill was mailed to the Sunshine office marked to the attention of Landis. There is no indication that Ridgewells was dealing with Landis as an individual. On these facts, it is apparent that Landis disclosed her agency status as well as the identity of Sunshine. There are no references to defendant Nelson in these documents.

Ridgewells argues, however, that it dealt with Landis as an agent for Nelson in her individual capacity and was unaware of Sunshine's corporate status. In response, defendant has established through copies of records filed with the District of Columbia Department of Consumer and Regulatory Affairs that Sunshine International, Ltd. was originally incorporated in 1968 and has operated under its present identity from 1973 until late 1984. *See, Nelson v. United States*, 142 A.2d 604 (D.C.Mun.App. 1958) (existence of corporation may be proven by certificate of incorporation). Moreover, Ridgewells has had several previous dealings with Sunshine as substantiated by invoices from past functions. These invoices were alternately addressed to "Sunshine International", "Sunshine International, ATTN: Rita Landis" or "Sunshine International, ATTN: Lana Nelson". The invoices from these previous functions were paid by checks drawn on Sunshine's corporate account and which bore the legend "Sunshine International, Ltd.". Exhibit E, attached to Defendant's Motion for Partial Summary Judgment, filed February 24, 1987.

These prior dealings between the parties were certainly sufficient to impute notice of the agency relationships involved to Ridgewells. The checks drawn in payment for services previously supplied to Sunshine by Ridgewells reveal the corporate identity of the defendant. *See, Henderson*, 195 A.2d at 402. In addition, Sunshine's use of the term "Ltd." in its correspondence and on its checks is further evidence of its corporate status. D.C.Code Ann. § 29–308(1) (1981).[2] Finally, none of Sun-

**2.** D.C.Code Ann. § 29–308 (1981) provides in pertinent part:

shine's contracts with Ridgewells contain any indication that the defendant intended to be held personally liable for Sunshine's obligations to Ridgewells. Inasmuch as Landis disclosed both the agency relationship and the identity of Sunshine as principal at the time of the transaction, and previous dealings between Ridgewells and Sunshine put Ridgewells on notice it was dealing with a corporate entity, personal liability may not be imposed upon the corporation's agents under the circumstances presented herein.

Furthermore, Fed.R.Civ.P. 56(e) provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations and denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. *See also, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The Supreme Court has held that in the face of a motion under Rule 56, this burden requires the nonmoving party to introduce "significant, probative evidence tending to support the complaint". *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1598, 20 L.Ed.2d 569 (1968).

The plaintiff now before the Court has been afforded an adequate opportunity for discovery and has failed to produce any such evidence supporting its allegation that Nelson held herself out as contracting in her individual capacity. Because plaintiff has failed to make a sufficient showing of an essential element of its case with respect to which it bears the burden of proof, *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553 (1986), defendant is entitled to judgment. The record indicates that plaintiff has not joined the corporate entity as a party defendant, nor does it address in its supplemental pleadings whether there is a sufficient justification in this instance to disregard the corporate entity so as to impose personal liability upon the defendant for corporate obligations.

The corporate name:
(1) Shall contain the word "corporation", "company", "incorporated", "limited", or shall

*See, Labadie Coal Co. v. Black,* 672 F.2d 92, 96 (D.C.Cir.1982); *McAuliffe v. C and K Builders,* 142 A.2d 605, 607 (D.C.Mun. App.1958). *See also,* Epperson and Canny, Pierced Corporate Veils and Corporate Shareholder Liability in the District of Columbia, Maryland and Virginia, 37 Cath.U. L.R. 201 (1988). Consequently, the Court need not decide this matter.

## II.

Defendant Nelson has counter-claimed against Ridgewells for slander, alleging that the caterer's employees maliciously and inaccurately informed several of Sunshine's clients that the firm was bankrupt and not paying its debts. Nelson asserts that as a consequence, her reputation, credit rating and ability to earn a livelihood have been harmed. Nelson also alleges that the conduct of Ridgewells' employees at the November 28, 1984 meeting was so extreme that it caused, and continues to cause her great pain, suffering and emotional distress.

■ With regard to the defamation claim, Nelson's cross-complaint does not identify which of Ridgewells employees are involved, to whom the alleged defamatory statements were communicated, the substance of the alleged statements, or any indication of their time, place, context or frequency. Nor does the defendant provide a specific description of the resultant damages which she claims.

Consequently, the allegations that plaintiff has defamed the defendant are bare legal conclusions which draw no support from either the cross complaint or the supplementary materials submitted to the Court. Because the demand for damages rests upon the claim of a defamatory publication and there are no allegations of fact to sustain the claim, plaintiff's motion for summary judgment must be granted. *Watwood v. Credit Bureau, Inc.,* 68 A.2d 905 (D.C.Mun.App.), *remanded on other*

contain an abbreviation of 1 of such words.

*grounds,* 70 A.2d 62 (D.C.Mun.App.1949). *See also,* Prosser and Keeton on Torts, 5th ed. § 113 (1984).

Defendant's claim for damages alleging intentional infliction of emotional distress are similarly deficient. Nelson charges that James Caulfield, then Ridgewells Executive Vice President, used excessively loud oral communications, pounded upon furniture, insisted Nelson was personally to blame for Sunshine's inability to meet its obligations and was generally rude and insulting at the November meeting. She claims that since the meeting, she has suffered from, inter alia, weight gain, inability to eat, crying spells, insomnia, acne, and loss of self-esteem. Defendant has, however, neither sought nor received medical attention in relation to these conditions. Nelson, Supplemental Answers to Interrogatories, para. 21.

 The tort of intentional infliction of emotional distress consists of (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress. *Sere v. Group Hospitalization, Inc.,* 443 A.2d 33 (D.C.1982). All three elements must be proven in order to prevail on the claim. *Green v. American Broadcasting Companies, Inc.,* 647 F.Supp. 1359, 1362 (D.D.C.1986). Conduct which will result in liability for the first element must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community". *Sere,* 443 A.2d at 37 (quoting Restatement (Second) of Torts, § 46, Comment at 73). This liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Waldon v. Covington,* 415 A.2d 1070, 1076 (D.C.1980). While it is possible to infer the second element of the tort from the level of the outrageousness of the defendant's conduct, *Sere,* 443 A.2d at 37; *Waldon,* 415 A.2d at 1077, the claimant must also establish that the defendant proximately caused an emotional disturbance "of so acute a nature that harmful physical consequences might not be unlikely to result". *Green v. American Broadcasting Companies, Inc.,* 647 F.Supp. at 1363, *quoting Clark v. Associated Retail Credit Men,* 105 F.2d 62, 65 (D.C.Cir.1939). The elements of the tort are measured in much the same manner under the law of both Maryland, *Jones v. Harris,* 35 Md.App. 556, 371 A.2d 1104, 1108 (Md.Ct.Spec.App.) *aff'd,* 281 Md. 560, 380 A.2d 611 (1977); and Virginia, *Womack v. Eldridge,* 215 Va. 338, 210 S.E.2d 145 (1974).

 The case before the Court deals with a contract claim involving two corporate entities and a meeting between their officers concerning settlement of the claim. The previous contacts between Ridgewells and Sunshine connote arm's length dealings between merchants. It is undisputed that at the November 28th meeting, Nelson informed Ridgewells that Sunshine was unable to satisfy an obligation in excess of $25,000. Given the circumstances, some amount of consternation could have been anticipated. Nonetheless, it is apparent that the defendant would bear the burden of proof of her claims at trial, and that she has failed to make a sufficient showing of the elements essential to her case. In responding to the plaintiff's motion under Fed.R.Civ.P. 56, defendant has not supplemented her allegations concerning the conduct of the Ridgewells employees with any significant, probative evidence tending to support her claims. Moreover, she has completely failed to demonstrate the causal connection between Ridgewells conduct and the symptoms of which she complains. A showing of proximate cause is essential to her claim. *Green,* 647 F.Supp. at 1363. Consequently summary judgment is proper in this instance. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).

In view of the foregoing, the Court will grant the parties' motions for partial summary judgment.