**Sang Dae CHUNG, Yong Chung, Plaintiffs,**

v.

**Min Woo LEE, Eun Lee, Lucky–Goldstar, Intl., Defendants.**

**Civ. A. No. 93–1307 (CRR/PJA).**

United States District Court, District of Columbia.

May 11, 1994.

**44**

Donald M. Temple, Washington, DC, for plaintiffs.

John D. Worland, Washington, DC, for defendants.

## MEMORANDUM

ATTRIDGE, United States Magistrate Judge.

This matter came on for hearing on the defendant Lucky–Goldstar International (America) Inc., hereinafter Goldstar's, motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and upon consideration of the motion, the responses and argument, the motion will be granted.

When considering a Rule 12(b)(6) motion challenging the legal sufficiency of the allegations of the complaint, the court is restricted in its inquiry to the complaint itself, and may not consider matters outside the complaint. *Gordon v. National Youth Work Alliance,* 675 F.2d 356, 360 (D.C.Cir.1982); 5A Wright & Miller, Federal Practice and Procedure § 1356, at 298 (1990). Moreover, "the court must presume that the factual allegations of the complaint are true and accord all reasonable inferences from those facts to the non-

moving party." *Holloway v. Lockhart,* 792 F.2d 760, 761 (8th Cir.1986).

The events leading to the terrible loss to the plaintiffs are described in the First Amended Complaint. Sang Dae Chung was employed by Goldstar at its Washington, D.C. facility until July 29, 1990 (First Amended Complaint (hereinafter FAC) at ¶¶ 1, 2.) The only other locally based employee of Goldstar was the defendant Min Woo Lee, (FAC at ¶ 18.) The plaintiff Yong Sim Chung was then and is still the wife of Sang Dae Chung (FAC at ¶ 2.)

On or about July 27, 1990, Lee, Sang Dae Chung's supervisor, assigned Chung to move Goldstar's remaining office furniture from the office it was vacating in Washington to the residence of Goldstar's president located in suburban Maryland. The move was to be completed by July 29, Chung's last day of work for Goldstar, (FAC at ¶¶ 12, 14 & 17.) Chung was given a key to the residence (FAC ¶ 13.) Following completion of the move, Chung's employment was terminated (FAC at ¶ 17.) When all the furniture was moved to Maryland, Chung returned to his residence (FAC at ¶ 18.) Later, on the evening of July 29, Chung received a telephone call at home from Lee accusing him of stealing a carpet from the president's home during the move (FAC at ¶ 19.) The following day, Lee again telephoned the Chung residence to say that the carpet, believed to have been stolen, had been found. He spoke to Mrs. Chung; refused to speak to Mr. Chung, and offered no apology (FAC at ¶ 24.) Chung became depressed because of the false accusation of theft together with the lack of an apology and on August 24, 1990, he attempted suicide (FAC at ¶¶ 26, 30.) Although his attempt was unsuccessful, Chung sustained severe and permanent injuries, including the loss of his voice (FAC at ¶¶ 31, 32.)

The court proceeds as if Lee's action were within the scope of his employment thereby creating vicarious liability for Goldstar if Lee's conduct was actionable, and therefore focuses on the actions of Lee.

Although the complaint sought money damages on a variety of common law theo-

ries,[1] the gravamen of the plaintiffs' charge is the intentional infliction of emotional distress. This tort has been recognized in *Waldon v. Covington*, 415 A.2d 1070 (D.C.1980). Liability may be imposed only for "extreme and outrageous conduct intentionally or recklessly [causing] severe emotional distress to another." *Id.* at 1076. Insults, indignities, and the like do not give rise to liability unless some special relationship exists between a plaintiff and defendant giving rise to a higher degree of care. Without more, "(a)n employer or supervisor vis-a-vis an employee, is not such a special relation" giving rise to a higher duty. *Id.* at 1076 n. 21; *see also Carter v. District of Columbia*, 795 F.2d 116, 139 (D.C.Cir.1986); *Anderson v. Prease*, 445 A.2d 612, 613 (D.C.1982).

Moreover, the "tort is restricted only to conduct that is 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community.'" *Cunningham v. United National Bank of Washington*, 710 F.Supp. 861, 863 (D.D.C.1989) (*quoting Ridgewells Caterer, Inc. v. Nelson*, 688 F.Supp. 760, 764 (D.D.C.1988)) (*quoting* Restatement (Second) of Torts § 46 cmt. at 73).

Furthermore, it is the responsibility of the court to evaluate the facts plead in support of this claim for

(i)t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery or whether it is necessarily so. Where reasonable persons may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.

Restatement (Second) of Torts § 46 cmt. h.

■ The first amended complaint recites that the allegations of theft occurred during a telephone conversation when Chung's su-

pervisor, Lee, first inquired about the rug (FAC at ¶ 18), and then accused Chung of stealing the rug (FAC at ¶ 19.) This conduct suggests that Lee's actions were undertaken in a good faith effort to discharge his supervisory responsibilities with respect to the move rather than out of malicious intent to inflict emotional distress. Certainly in the absence of any allegation of malicious purpose or wanton disregard of the plaintiff's emotions, the allegation of theft in the context of the other facts stated in the complaint cannot be characterized as outrageous conduct beyond the bounds of decency. Moreover, upon locating the missing rug, Lee immediately telephoned Chung to report the finding (FAC at ¶ 24.) From this conduct, no inference can be drawn of maliciousness or wantonness with the intent to cause emotional distress to Chung. If anything, Lee's conduct clearly shows the absence of malice for he promptly withdrew his accusation as soon as he learned that it was false.

Nonetheless, the plaintiff contends that Lee's failure to apologize once he discovered the truth is sufficient to support his claim for intentional infliction of emotional distress. The court disagrees.

■ The plaintiff has not submitted, nor has independent research uncovered, any authority for the proposition that failure to offer an apology after acknowledging that an accusation of theft was mistaken constitutes outrageous or egregious conduct. If the conduct does not rise to the level of outrageousness, tort liability may not be imposed. *Howard University v. Best*, 484 A.2d 958, 986, *appeal after remand* 547 A.2d 144 (D.C. 1988); *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, (D.C.) *cert. denied*, 459 U.S. 912, 103 S.Ct. 221, 74 L.Ed.2d 176 (1982).

While an apology may have been appropriate as a matter of courtesy and may have alleviated Chung's mental distress, "(t)he law does not, and doubtless should not, impose a general duty of care to avoid causing mental distress." *Waldon, supra*, 415 A.2d at 1078

1. The court was informed at oral argument that the plaintiff voluntarily dismissed Count II (negligence) and Count III (gross negligence) in a proceeding before Judge Richey. Count IV (loss of consortium) and Count V (vicarious liability)

are not separate causes of action but rather derivative of Count I (intentional infliction of emotional distress). They necessarily fall since the substantive claim of intentional infliction of emotional distress is dismissed.

(*quoting Clark v. Associated Retail Credit Men of Washington,* 105 F.2d 62, 64 (D.C.Cir.1939)).

The defendant also advances two other reasons for dismissal: that Chung's claim is barred by the exclusive remedy of workers' compensation, and that the claim is barred by the statute of limitations. The court declines to dismiss the claim on either of these grounds.

The District of Columbia Court of Appeals in *District of Columbia v. Thompson,* held that the District of Columbia Workers' Compensation Act, which applies to private employers and covers claims for work related injuries, applies only to disabilities "because of injury *which results in the loss of wages.*" 570 A.2d 277, 286 (D.C.1990), *rev'd in part on other grounds,* 593 A.2d 621 (1991) (*citing* D.C.Code § 36–301(8) (1988)).[2]

■ Here, even though the accusation arose out of the employment relationship, the accusation or wrong caused no physical or mental injury *which resulted in the loss of wages.* The incident which gave rise to the inability to earn wages occurred almost a month after the false accusation and lack of apology and, more importantly, resulted from a separate independent act of Chung's own, i.e., the suicide attempt. "[U]nder District of Columbia law, a suicide attempt is deemed to have broken the casual chain between any negligent act committed earlier and the suicide victim's injury." *Johnson v. WMATA,* 883 F.2d 125, 131 (D.C.Cir.1989). Therefore, the court concludes that this claim is not barred by the statutory remedy of worker's compensation and the motion to dismiss is not granted on that ground.

■ Furthermore, the court rejects the defendants' argument that the statute of limitation bars this claim. The District of Columbia Court of Appeals in *Saunders v. Nemati,* held that the three year statute of limitations is applicable to the tort of intentional infliction of emotional distress. 580 A.2d 660 (D.C.1990). Since this claim was filed on April 1, 1993, within three years of the false accusation of July 29, 1990, the defendants motion to dismiss is not granted on statute of limitations grounds.

For the reasons stated, the court grants the defendant Goldstar's motion to dismiss.

Finally, it appears that service of process has not been made upon the defendant Min Woo Lee[3] within 120 days of filing the complaint, as required by Federal Rule Civil Procedure 4(m). Accordingly, the complaint will be dismissed as to Lee unless the plaintiffs show good cause on or before May 23, 1994, why the complaint should not be dismissed.

---

**2.** See also 2A Larson, *Workmen's Compensation Law,* § 57.11 (1987) (disability means disability in the medical or physical sense that leads to an inability to earn wages).

**3.** The complaint lists a New Jersey address for Lee.